BART M. DAVIS, ID STATE BAR NO. 2696
UNITED STATES ATTORNEY
**ROBERT B. FIRPO, CA STATE BAR NO. 243991**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-1414
Email: Robert.Firpo@usdoj.gov

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No._____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| NICHOLE OPRINS, | |
| Defendant. | |

## COMPLAINT

The United States of America files this Complaint seeking judgment and damages against Defendant Nichole Oprins for monies owed to the United States after Ms. Oprins breached, and defaulted on, a loan repayment contract executed under the National Health Service Corps (NHSC) Loan Repayment Program (LRP).  *See* 42 U.S.C. §§ 254d, 254l-1, 254o.  The United States brings this action on behalf of the U.S. Department of Health and Human Services.

**COMPLAINT - 1**

## I.  JURISDICTION

1.      This Court has jurisdiction over the subject matter of this case pursuant to 28

U.S.C. § 1345.

## II. PARTIES

2.      Plaintiff, the United States, is a sovereign nation acting on behalf of the U.S.

Department of Health and Human Services (HHS).

3.      Defendant Nichole Oprins is a resident of Nampa, Idaho, and resides within the

jurisdiction of this Court.

## III. VENUE

4.      Venue is proper in the District of Idaho because Defendant resides and/or

conducts business within the District.  Pursuant to District of Idaho Local Civil Rule 3.1, venue

is proper in the District's Southern Division.

## IV. NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT PROGRAM

5.      Congress established the National Health Service Corps (NHSC) so as to

eliminate health manpower shortages in Health Professional Shortage Areas (HPSA) around the

country.  *See* 42 U.S.C. § 254d.  To further that effort, Congress also established the National

Health Service Corps Loan Repayment Program (NHSC-LRP).  *See* 42 U.S.C. § 254l-1.  The

Loan Repayment Program allows the Secretary of HHS to pay a participant's student loans in

exchange for a service obligation in a HPSA.

6.      To protect the integrity of the NHSC-LRP, Congress authorized significant

damages for breach of a NHSC-LRP contract, *see* 42 U.S.C. § 254o(c), limited discharge of

those damages in bankruptcy, *see* 42 U.S.C. § 254o(d)(3)(A), and rendered inapplicable any

Federal or State statute of limitations related to collection of damages under section 254o.  *See*

42 U.S.C. § 254o(e).

## V.  FACTUAL BACKGROUND

### Defendant's Application to the NHSC-LRP

7.      On or about May 8, 2012, Defendant Nichole Oprins applied to participate in the

NHSC-LRP.  At the time of her application, Defendant worked as a licensed clinical social

worker at About Balance Mental Health, LLC (About Balance), an approved NHSC-LRP service

site, in Boise, Idaho.  As part of her application, Defendant asked HHS to designate About

Balance as her NHSC-LRP service site so that, assuming HHS accepted her into the NHSC-LRP,

Defendant could continue working at About Balance.

8.      HHS ultimately accepted Defendant into the NHSC-LRP and agreed to designate

About Balance as Defendant's NHSC-LRP service site.

### The Contract

9.      Defendant signed her NHSC-LRP Contract (Contract) with HHS on or about

August 20, 2012.  HHS counter-signed the Contract on or about September 12, 2012, at which

point the Contract went into effect.  *See* Attachment 1 (Contract).

10.     The terms of all NHSC-LRP contracts, including the Contract signed by

Defendant, are dictated by statute.  *See* 42 U.S.C. § 254l-1(f) (contents of contracts).

11.     The Contract executed by HHS and Defendant required HHS to, among other

things, provide Defendant money to repay her student loans up to $60,000.  HHS fulfilled this

requirement by disbursing to Defendant the sum of $44,000.79.  HHS calculated that $44,000.79

was the amount needed for Defendant to pay off her student loans in full.

**COMPLAINT - 3**

12.     In return for receiving student loan repayment funds from HHS, the Contract required Defendant to, among other things, repay her student loans with the funds provided to her by HHS, promptly report any change in her status at the approved service site to NHSC, fulfill the employment requirements of her NHSC approved site, fulfill the terms and conditions of the Contract, and complete a four-year service obligation in half-time clinical practice within a HPSA designated by HHS.  Defendant agreed to complete the service obligation at a service site assigned by HHS, which HHS designated as About Balance.

13.     Because Defendant was already working at About Balance on September 12, 2012 (the date the Contract became effective), Defendant began accruing service time toward her four-year service obligation on that date.

14.     Defendant completed 40 half-time days at About Balance between September 12, 2012, and October 22, 2012.  As a result, Defendant accrued one month of service toward her four-year service obligation during that period.

15.     Section C of the Contract included a detailed explanation of how damages would be calculated in the event of Defendant's breach.  *See also* 42 U.S.C. § 254o (Breach of scholarship contract or loan repayment contract); 42 U.S.C. § 254l-1(f)(4).

**Breach of the NHSC-LRP Contract**

16.     On October 22, 2012, About Balance terminated Defendant's employment for cause.

17.     Defendant did not promptly inform HHS that About Balance terminated her for cause or otherwise promptly describe to HHS the circumstances of her for cause termination.

18.     Instead, on or about November 1, 2012, Defendant contacted HHS to let the agency know that she had obtained a position with a new employer.  Thereafter, on or about

**COMPLAINT - 4**

January 9, 2013, Defendant requested a site transfer so that she could complete her NHSC-LRP

service obligation at the location of her new employer.

19.     In response to Defendant's transfer request, HHS contacted About Balance to

gather information about Defendant's termination from that site.  During the contact with About

Balance, which occurred on or about January 15, 2013, HHS learned that About Balance

terminated Defendant for cause.  Specifically, About Balance informed HHS that Defendant had

been terminated for unethical conduct.

20.     On or about February 20, 2013, HHS denied Defendant's transfer request.  HHS

denied the transfer request in part because the site to which Defendant wished to be transferred

was not approved by the NHSC as a NHSC-LRP service site.

21.     Defendant has not worked at an approved NHSC-LRP service site or completed

service credit under her NHSC-LRP Contract since October 22, 2012, the date of her for cause

termination at About Balance.

22.     Defendant's for cause termination at About Balance resulted in Defendant

breaching her NHSC-LRP Contract, including, but not limited to, because:

a.     Defendant failed to fulfill the employment requirements at her assigned

service site,

b.     Defendant failed to promptly inform HHS and/or NHSC that she had been

terminated for cause or the circumstances that led to her termination for cause,

c.     Defendant failed to complete her period of obligated service.

**Default & Signed Repayment Agreement**

23.     On or about November 25, 2013, HHS notified Defendant by letter that she was in

default and/or breach of her NHSC Loan Repayment Contract as of October 22, 2012.  The letter

**COMPLAINT - 5**

calculated damages pursuant to Section C of the Contract and 42 U.S.C. § 254o, and informed

Defendant that she had to pay $243,889.08 as of November 25, 2013.

24.     On or about December 4, 2013, HHS sent Defendant a letter and a Repayment

Agreement to facilitate collection of the monies owed to the United States.  On January 7, 2014,

Defendant signed the Repayment Agreement and included a first payment in the amount of

$300.00.  *See* Attachment 2 (Repayment Agreement).  As part of the Repayment Agreement

signed by Defendant, Defendant acknowledged both her indebtedness to HHS in the amount of

$244,200.40, and that her indebtedness related to her breached NHSC-LRP Contract.  Defendant

agreed to make regular monthly payments as part of her signed Repayment Agreement.

25.     HHS approved the Repayment Agreement on January 14, 2014.  As part of the

Repayment Agreement, HHS agreed to forbear collection efforts in consideration of Defendant's

commitment to make regular payments and to pay her debt in full.

26.     Between February 2014 and September 2014, Defendant made regular monthly

payments of $300.00 as she had agreed to do in the Repayment Agreement.

**<u>Breach of the Repayment Agreement</u>**

27.     On or about October 2014, Defendant stopped making regular monthly payments

in fulfillment of her debt as she had agreed to do in the Repayment Agreement.  As a result,

HHS's Debt Collection Center sent multiple letters notifying Defendant she was delinquent,

including letters dated November 25, 2014, and May 27, 2015.  *See* Attachments 3 & 4 (Letters).

The delinquency letters asked Defendant to bring her account current, and warned Defendant that

failure to bring the account current would result in immediate demand for the entire amount of

the debt.

**COMPLAINT - 6**

28.     Defendant failed to bring her account current in response to the delinquency letters.

29.     After Defendant failed to make payments sufficient to bring her account current, HHS's Debt Collection Center sent multiple "Final Notice" letters to Defendant.  HHS sent "Final Notice" letters on or about November 10, 2015, May 30, 2018, and June 21, 2018.  *See* Attachments 5, 6 & 7.  The "Final Notice" letters demanded payment for the full amount due to HHS, noted the interest rate at which interest was accruing (10.375%), and warned that failure to pay the full amount due could result in the matter being referred to the Department of Justice.

**Defendant's Debt to the U.S. Remains Outstanding**

30.     As of the date of this Complaint, Defendant has failed to satisfy her debt to HHS after the agency demanded such payment in multiple "Final Notice Letters."  In addition, Defendant has failed to pay Contract damages within one year of her breach as required by 42 U.S.C. § 254o(b)(1)(B)(i) and as demanded by HHS.

31.     Between September 2014 and the filing of this Complaint, Defendant has not made regular monthly payments as required by the Repayment Agreement.  Nor did Defendant pay her debt in full within 30 days when asked to do so by HHS as required under the Repayment Agreement.

32.     Defendant Nichole Oprins is in breach of both the NHSC-LRP Contract that she signed in 2012, as well as the Repayment Agreement that she signed in 2014.  Though HHS has demanded payment, Defendant has failed to timely pay HHS the monies to which it is owed and entitled to under the Contract, Repayment Agreement, and 42 U.S.C. § 254o.  Since breaching the Repayment Agreement in late 2014, Defendant has ignored HHS' efforts to (a) collect

**COMPLAINT - 7**

damages under 42 U.S.C. § 254o, and (b) communicate with Defendant regarding those damages.

### Debt and Damages

33.     Pursuant to Section C of the Contract and 42 U.S.C. § 254o(c), Plaintiff United States is entitled to damages as a result of Defendant's breach of the Contract.  As of the date of this Complaint, Plaintiff United States is owed at least $364,814.72, which amount includes:

   a.     $42,796.11 (the total amounts paid by the United States to Defendant for periods of obligated service not served);

   b.     $176,250.00 (an amount equal to the product of the number of months of obligated service not completed multiplied by $3,750.00), *see* 42 U.S.C. § 254d(i) (discussing half-time service option); Section C(1)(b) of the Contract; and

   c.     $145,768.61 (interest accrued through November 19, 2019).

34.     Notwithstanding breach of the NHSC-LRP Contract, Plaintiff United States is also entitled to recover $364,814.72 as a result of the Defendant's breach of the separate Repayment Agreement which Defendant signed on January 7, 2014.

### VI.  CLAIMS FOR RELIEF

35.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-34, as they provide the basis for the following claims for relief.

36.     **CLAIM 1 – Breach of Loan Repayment Contract Pursuant to 42 U.S.C. § 254o.**

   a.     As outlined above, Defendant breached her NHSC-LRP Contract when she, among other things, was terminated for cause from her assigned service site (About Balance), failed to fulfill the terms and conditions of her Contract, failed to promptly inform HHS of her

changed status at the service site and the reasons for her termination, failed to complete the employment requirements at her assigned service site (About Balance), and failed to complete her four-year service obligation.

b.      Defendant failed to pay the contract and statutory damages within one year of the breach.

37.      **CLAIM 2 – Breach of the Repayment Agreement related to damages acknowledged under 42 U.S.C. § 254o.**

a.      As outlined above, Defendant breached the Repayment Agreement that she signed in January 2014 when she failed to make timely payments to HHS after acknowledging her indebtedness in the amount of $244,200.40 and agreeing to make regular monthly payments. Defendant also separately breached the Repayment Agreement when she failed to make full payment of her debt to HHS within 30 days after HHS made demand for full payment.

b.      Defendant's indebtedness has increased since January 2014 because of interest that has been accruing at a rate of 10.375%.

## PRAYER FOR RELIEF

Based on the allegations and claims described above, Plaintiff United States seeks judgment against Defendant in the sum of $364,814.72, as calculated and described in paragraph 33, above.  In addition, Plaintiffs seeks:

(a) the additional prejudgment interest that has accrued since November 19, 2019 (the last day damages were calculated before the filing of this Complaint), and that will continue to accrue at the applicable contract rate (10.375%) until judgment;

(b) post-judgment interest at the legal rate in effect on the date of judgment, to be computed daily and compounded annually pursuant to 28 U.S.C. § 1961(b);

**COMPLAINT - 9**

(c) costs incurred by the United States for prosecuting this action, including, but not limited to a filing fee as authorized by 28 U.S.C. § 2412(a); and

(d) any other relief that this Court deems just and proper under the law and facts of this case.


BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Robert B. Firpo*
ROBERT B. FIRPO
Assistant United States Attorney

**COMPLAINT - 10**

# Attachment 1



| NATIONAL HEALTH SERVICE CORPS<br>LOAN REPAYMENT PROGRAM<br>FY 2012 CONTRACT<br>HALF-TIME CLINICAL PRACTICE (FOUR YEARS, HPSA 14 OR HIGHER) | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>HEALTH RESOURCES AND SERVICES ADMINISTRATION<br>BUREAU OF CLINICIAN RECRUITMENT AND SERVICE |
|---|---|

Section 338B of the Public Health Service Act ("Act") authorizes the Secretary of Health and Human Services ("Secretary") to repay the graduate and/or undergraduate educational loans of applicants selected to be participants in the National Health Service Corps Loan Repayment Program ("Loan Repayment Program"). In return for these loan repayments, applicants must agree to provide primary health services in a manner determined by the Secretary for a period of obligated service through full-time clinical practice in a Health Professional Shortage Area ("HPSA") designated by the Secretary in accordance with section 332 of the Act.  Pursuant to section 331(i) of the Act, the Secretary may waive the requirement of full-time clinical practice and allow service through half-time clinical practice.  An applicant becomes a participant in the Loan Repayment Program only if this Contract is signed by the applicant and by the Secretary or his or her designee.

The terms and conditions of participating in the Loan Repayment Program are set forth below.

**Section A – Obligations of the Secretary**
Subject to the availability of funds appropriated by the Congress of the United States for the Loan Repayment Program and the National Health Service Corps (NHSC), the Secretary agrees to:
1. Pay, in the amount provided in paragraph 2 of this Section, the undersigned applicant's qualifying graduate and/or undergraduate educational loans for actual costs paid for:
   a. tuition expenses;
   b. all other reasonable educational expenses, including fees, books, and laboratory expenses, incurred by the applicant; or
   c. reasonable living expenses as determined by the Secretary.
   Qualifying graduate and/or undergraduate educational loans consist of the principal, interest, and related expenses of the government and commercial loans received by the applicant for the above-listed expenses, for such loans incurred prior to the applicant's submission of the application leading to this Loan Repayment Program Contract.
2. Pay, in accordance with the service option selected by the applicant and specified in Section B.1.b below, up to $60,000 for 4 years of half-time clinical practice at an NHSC-approved site with a HPSA score of 14 or higher.  If the applicant's total outstanding balance of qualifying educational loans is less than the amount payable under the applicant's selected service option, the Secretary will pay the applicant's outstanding qualifying loans balance.
3. Waive the requirement of full-time clinical practice and accept the applicant's half-time clinical practice, in a HPSA selected by the Secretary, pursuant to section 331(i) of the Act for applicants who have selected a half-time service option.
4. Make loan repayments for a year of obligated service no later than the end of the fiscal year in which the applicant completes such year of service.
5. Reassign the applicant to another NHSC-approved site for the remaining period of his/her service obligation if the applicant's employment at his or her NHSC-approved site ceases due to the applicant's resignation from the site, the applicant's termination from the site for reasons including but not limited to a failure to fulfill the employment requirements of the site, or the applicant's failure to fulfill the terms and conditions of this Contract.

**Section B – Obligations of the Applicant**
1. The applicant agrees to:
   a. Accept loan repayments from the Secretary and apply those loan repayments, during the period of obligated service, to reduce the applicant's qualifying graduate and/or undergraduate educational loans.
   b. Serve his or her period of obligated service by providing primary health services in accordance with the service option the applicant has selected below:

   ☑ *For four years in the half-time clinical practice* (as defined in paragraph i below) of his or her health profession in the HPSA (designated under section 332 of the Act) to which the applicant is assigned by the Secretary as a member of the NHSC (either as a civilian employee of the United States or as an individual who is not an employee of the United States). **For this service option, the applicant may receive up to $60,000 and agrees to serve his or her entire period of obligated service at an NHSC-approved site with a HPSA score of 14 or higher.**

   i. *A half-time clinical practice* is defined as a minimum of 20 hours per week (not to exceed 39 hours per week), for a minimum of 45 weeks per service year. The remainder of the service year (approximately 7 weeks) may, as authorized by the approved service site(s), be spent away from the practice for holidays, vacation, continuing professional education, illness, or any other reason. Failure to meet the minimum 45 weeks per service year will extend the service obligation end date or result in a breach of the Loan Repayment Program Contract, as determined by the Secretary. The minimum 20 hours per week may be compressed into no less than 2 days per week, with no more than 12 hours of work to be performed in any 24-hour period. Time spent "on-call" will not count toward the 20-hour week, except to the extent that direct patient care is being provided during the "on-call" period. Time worked in excess of the minimum 20 hours per week cannot be applied to any other work week and will not count toward the service obligation.
      ☐ **For all half-time health professionals except as noted below,** at least 16 of the minimum 20 hours per week must be spent providing direct patient care in the outpatient ambulatory care setting(s) at the approved service site(s), during normally scheduled office hours. The remaining 4 hours of the minimum 20 hours per week must be spent providing clinical services for patients or teaching in the approved service site(s), providing clinical services in alternative settings as directed by the approved service site(s), or performing practice-related administrative activities.
      ☐ **For half-time OB/GYN physicians, family medicine physicians who practice obstetrics on a regular basis, providers of geriatric services, pediatric dentists, and certified nurse-midwives,** at least 11 of the minimum 20 hours per week must be spent providing direct patient care in the outpatient ambulatory care setting(s) at the approved service site(s), during normally scheduled office hours. The remaining 9 hours of the minimum 20 hours per week must be spent providing clinical services for patients or teaching in the approved service site(s), providing clinical services in alternative settings as directed by the approved service site(s), or performing practice-related administrative activities.
      ☐ **For half-time behavioral and mental health providers,** at least 11 of the minimum 20 hours per week must be spent providing direct patient care (patient counseling) in the outpatient ambulatory care setting(s) at the approved service site(s), during normally scheduled office hours. The remaining 9 hours of the minimum 20 hours per week must be spent providing clinical services for patients or teaching in the approved service site(s), providing clinical services in alternative settings as directed by the approved service site(s), or performing practice-related administrative activities.
      ☐ **For half-time physicians, physician assistants, nurse practitioners, and certified nurse midwives serving in CAHs that are approved service sites,** at least 8 of the minimum 20 hours per week must be spent providing direct patient care or teaching in the CAH-affiliated outpatient ambulatory care setting(s) at the approved service site(s), during normally scheduled office hours. The remaining 12 hours of the minimum 20 hours per week must be spent providing direct patient care or teaching at the CAH that is an approved service site or in the CAH-affiliated outpatient ambulatory care setting(s) at the approved service site(s), providing direct patient care in the CAH's skilled nursing facility or swing bed unit, or performing practice-related administrative activities.
      ☐ **For all half-time health professionals,** teaching and practice-related administrative activities shall not exceed a total of 4 hours of the minimum 20 hours per week.
   c. Comply with the NHSC Loan Repayment Program regulations at Title 42, Code of Federal Regulations (CFR), Part 62, Subpart B.
   d. Comply with the debarment and suspension regulations found at Title 2, CFR, Part 180, as supplemented by Title 2, CFR, Part 376.
   e. Maintain a full, unrestricted, and unencumbered license to practice his or her health profession as required by applicable State or Federal law.

f. Promptly report to the NHSC any change in his/her status as a half-time clinician at the approved service site(s).

g. Submit to the NHSC semi-annual written verifications of service, and any other documents as required by the Secretary, relating to compliance with the applicable clinical practice requirement during the period of obligated service.

h. If the applicant terminates his/her employment at an NHSC-approved site; fails to fulfill the employment requirements of an NHSC-approved site; fails to fulfill the terms and conditions of this Contract; or refuses a reassignment from the Secretary, he or she will be subject to the breach provisions of Section C below.

### Section C - Breach of Written Loan Repayment Contract

1. If the applicant, for any reason, fails to complete the period of obligated service he or she selected above in Section B, the applicant shall be liable to the United States for an amount equal to the sum of:

   a. the total of the amounts paid by the United States to, or on behalf of, the applicant under Paragraph 2 of Section A of this Contract for any period of obligated service not served;

   b. an amount equal to the product of the number of months of obligated service not completed by the applicant, multiplied by $3,750 for the months of half-time service not completed; and

   c. interest on the amounts described in a. and b. of this paragraph at the maximum legal prevailing rate, as determined by the Treasurer of the United States, from the date of the breach;

   except that the total amount the United States is entitled to recover under this Section shall not be less than $31,000.

2. Any amount the United States is entitled to recover shall be paid within 1 year of the date the Secretary determines that the applicant is in breach of this written Contract.

### Section D – Cancellation, Suspension, and Waiver of Obligation

1. Any service or payment obligation incurred by the applicant under this Contract will be canceled upon the applicant's death.

2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this Contract if the Secretary determines, based on an applicant's written request and supporting documentation, that the applicant's compliance with the terms and conditions of this Contract is:

   a. impossible or

   b. would involve extreme hardship and enforcement would be unconscionable.

### Section E – Contract Continuation

1. The applicant may, in accordance with procedures established by the Secretary, request a continuation of this Contract.

2. Subject to the availability of funds appropriated by the Congress of the United States for the Loan Repayment Program and the NHSC, the Secretary may approve a request for Contract continuation in accordance with the Secretary's established policies in effect at the time of the continuation.

3. A request for a continuation of this Contract will not be approved if prior loan repayments received under this Contract were not applied, during the period of obligated service, to reduce the applicant's qualifying graduate and/or undergraduate educational loans.

### Section F – Contract Termination

1. The Secretary may terminate this Contract if, on or before August 17, 2012, the applicant:

   a. submits a written request to terminate this Contract and

   b. repays all amounts paid to, or on behalf of, the applicant under Paragraph 2 of Section A of this Contract.

**The Secretary or his or her authorized representative must sign this Contract before it becomes effective.**

| HRS-860  (Revised 12/2011 -  BCRS, HRSA, DHHS) | |
|---|---|

This electronic signature page applies only to the preceding Contract, ID number 993953. Each signature below applies to the appropriate location on the document, identified by role.


**Signature:** Electronically signed by Nichole Oprins
**Role:** Applicant
**Date:** 08/20/2012 03:09:40 PM EDT


**Signature:** Electronically signed by Lisa Walsh
**Role:** OFAM Approver, HRSA
**Date:** 09/12/2012 02:07:47 PM EDT

Attachment 2

```
          REPAYMENT  AGREEMENT
          BETWEEN:   NICHOLE OPRINS, LCSW

                     NAMPA, ID 83651

          AND:       HEALTH AND HUMAN SERVICES
                     PROGRAM SUPPORT CENTER
```

I ACKNOWLEDGE MY INDEBTNESS TO THE HEALTH AND HUMAN SERVICES FOR THE FOLLOWING
TYPE OF DEBT:  NHSCLRP.  AS OF 11/30/2013 THE TOTAL AMOUNT OF MY DEBT WAS
$    244,200.40  (PRINCIPAL, ACCRUED INTEREST, AND ANY LATE PAYMENT CHARGES,
IF ANY).  INTEREST WILL ACCRUE AT 10.375% PER ANNUM ON THE TOTAL DEBT UNTIL
IT IS PAID IN FULL. (NOTE: RATE MAY CHANGE DUE TO EXPIRATION OF NON-INTEREST
PERIOD).

A 6 PERCENT PER MONTH LATE CHARGE WILL BE APPLIED TO ANY PAST DUE
PAYMENT FOR EACH 30-DAY PERIOD OR FRACTION THEREOF THAT PAYMENT IS PAST
DUE.  THESE CHARGES ARE ASSESSED AFTER PAYMENT IS MORE THAN 90 DAYS PAST
DUE.  ADDITIONALLY, AN ADMINISTRATIVE COST CHARGE OF $20.00 WILL BE
APPLIED FOR EACH 30-DAY PERIOD OR FRACTION THEREOF AFTER THE DEBT IS
DECLARED DELINQUENT.

                    STATEMENT OF DEBT
DEBT CALCULATED AS OF 11/30/2013:

| | PRINCIPAL | INTEREST | OTHER | TOTAL |
|---|---|---|---|---|
| CLAIM BALANCE(S) | | | | |
| CLAIM NUMBER ███ ████0025 | $ 219,046.11 | $ 25,154.29 | $ 0.00 | $ 244,200.40 |

HEALTH AND HUMAN SERVICES HEREBY AGREES TO FORBEAR COLLECTION EFFORTS
FOR THIS DEBT IN CONSIDERATION OF MY COMMITMENT TO MAKE REGULAR PAYMENTS
AND PAY MY DEBT IN FULL AS FOLLOWS:

    PAYMENTS OF AT LEAST $    300.00 PER MONTH, DUE ON THE SAME DAY OF
    EACH MONTH, BEGINNING  1/10/14, AND CONTINUING AT SUCH MONTHLY
    AMOUNTS UNTIL NOTIFIED OTHERWISE BY AMENDMENT TO THIS AGREEMENT
    ISSUED BY THE PROGRAM SUPPORT CENTER (PSC);

    PAYMENTS WILL BE APPLIED FIRST TO LATE PAYMENT/ADMINISTRATIVE
    CHARGES, IF ANY, THEN TO ACCRUED INTEREST, AND LAST TO THE
    UNPAID PRINCIPAL;

    I AGREE TO INCREASE MY MONTHLY PAYMENT BEGINNING WITH THE MONTH
    FOLLOWING ANY INCREASE IN INCOME;

    THIS PAYMENT SCHEDULE WILL BE EVALUATED AT LEAST ANNUALLY AND MAY BE
    MODIFIED BASED ON DOCUMENTED FINANCIAL STATUS OF THE DEBTOR.
    I WILL SUBMIT IN A TIMELY MANNER EACH YEAR ANY AND ALL FINANCIAL
    DOCUMENTATION REQUIRED BY PSC.

I UNDERSTAND THAT FAILURE TO MAKE MONTHLY PAYMENTS ON THE DATES AND AT
LEAST IN THE AMOUNT STATED IN THIS AGREEMENT, OR ANY MONTHLY AMOUNT
SUBSEQUENTLY SET BY PSC, AND/OR FAILURE TO SUBMIT ANNUALLY THE REQUIRED
FINANCIAL DOCUMENTATION WILL RESULT IN THE BREACH OF THIS AGREEMENT AND
MAY RESULT IN THE IMMEDIATE DEMAND FOR THE ENTIRE INDEBTEDNESS DUE.  IF
THE DEBT IS NOT PAID IN FULL WITHIN 30 DAYS OF SUCH DEMAND NOTICE, I
UNDERSTAND THAT MY ACCOUNT MAY BE REFERRED TO THE DEPARTMENT OF
JUSTICE FOR LITIGATION, OR THE TREASURY DEPARTMENT FOR ADMINISTRATIVE
OFFSET WITHOUT FURTHER NOTICE TO ME.

I UNDERSTAND THAT THIS AGREEMENT DOES NOT BECOME EFFECTIVE UNTIL IT IS
APPROVED BY THE CHIEF, DEBT MANAGEMENT BRANCH, DIVISION OF FINANCIAL
OPERATIONS, PSC.

_Nichole Oprins_        1-7-14
RECIPIENT                DATE

PA CK#34036
#300.00
HP

_Anna Hagner_
NOTARY AND SEAL
notary expires: 9/6/18

FOR _M. M-L_          1/14/2014
APPROVED              DATE
CHIEF, DEBT MANAGEMENT BRANCH
DIVISION OF FINANCIAL OPERATIONS

ANNA HAGNER
NOTARY
PUBLIC
STATE OF IDAHO

████ 0025 OPRINS, LCSW

# Attachment 3

DEBT COLLECTION CENT
ACCOUNTING SERVICES
PROGRAM SUPPORT CENTER
12501 ARDENNES AVE.
SUITE 200
ROCKVILLE, MD  20857

11/25/14

| | | |
|---|---|---|
| CLAIM NUMBER: | | ████0025 |
| TYPE OF DEBT: | | NHSCLRP |
| DATE OF DEFAULT: | | 10/22/12 |
| PRINCIPAL DUE: | $ | 219,046.11 |
| INTEREST DUE: | $ | 43,312.42 |
| PENALTY DUE: | $ | 0.00 |
| ADMIN CHARGE DUE: | $ | 0.00 |
| TOTAL DUE: | $ | 262,358.53 |
| AS OF: | | |
| DUE DATE: | | 10/23/13 |
| INTEREST RATE: | | 10.375 |

NICHOLE    OPRINS, LCSW
████████████████
NAMPA, ID 83651

DEAR NICHOLE OPRINS, LCSW:

THIS IS IN REGARDS TO YOUR NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT
PROGRAM ACCOUNT.   YOU AGREED TO MAKE MONTHLY PAYMENTS OF AT LEAST
$    300.00 TO LIQUIDATE YOUR INDEBTEDNESS TO THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES.   TO DATE, YOUR ACCOUNT IS 45 DAYS DELIQUENT.
TO BRING YOUR ACCOUNT CURRENT, PLEASE REMIT A PAYMENT FOR $    600.00
PAYABLE TO THE "DEPARTMENT OF HEALTH AND HUMAN SERVICES - NHSCLRP",
REFERENCING YOUR CLAIM NUMBER, AND MAIL IT TO THE FOLLOWING ADDRESS:

                    COLLECTION OFFICER - PSC
                    12501 ARDENNES AVE.
                    SUITE 200
                    ROCKVILLE, MD  20857

FAILURE TO BRING YOUR ACCOUNT CURRENT WITHIN 30 DAYS WILL RESULT IN THE
IMMEDIATE DEMAND FOR THE ENTIRE AMOUNT OF THE DEBT.   IF PAYMENT HAS BEEN
MAILED, PLEASE DISREGARD THIS NOTICE.

QUESTIONS PERTAINING TO REPAYMENT SHOULD BE DIRECTED TO THE DEBT COLLECTION
CENTER ON (301) 443-1965.

                    SINCERELY YOURS,




                    DEBT COLLECTION CENTER

Attachment 4

DEBT COLLECTION CENT
ACCOUNTING SERVICES
PROGRAM SUPPORT CENTER
12501 ARDENNES AVE.
SUITE 200
ROCKVILLE, MD  20857

5/27/15

```
                                    CLAIM NUMBER:      ████0025
                                    TYPE OF DEBT:      NHSCLRP
                                    DATE OF DEFAULT:   10/22/12
                                    PRINCIPAL DUE:     $      219,046.11
                                    INTEREST DUE:      $       54,282.05
                                    PENALTY DUE:       $            0.00
                                    ADMIN CHARGE DUE:  $            0.00
                                    TOTAL DUE:         $      273,328.16
                                    AS OF:
NICHOLE     OPRINS, LCSW            DUE DATE:          10/23/13
████████████████                   INTEREST RATE:          10.375
NAMPA, ID 83651
```

DEAR NICHOLE OPRINS, LCSW:

THIS IS IN REGARDS TO YOUR NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT
PROGRAM ACCOUNT.   YOU AGREED TO MAKE MONTHLY PAYMENTS OF AT LEAST
$      300.00 TO LIQUIDATE YOUR INDEBTEDNESS TO THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES.   TO DATE, YOUR ACCOUNT IS 45 DAYS DELIQUENT.
TO BRING YOUR ACCOUNT CURRENT, PLEASE REMIT A PAYMENT FOR $     600.00
PAYABLE TO THE "DEPARTMENT OF HEALTH AND HUMAN SERVICES – NHSCLRP",
REFERENCING YOUR CLAIM NUMBER, AND MAIL IT TO THE FOLLOWING ADDRESS:

                    COLLECTION OFFICER - PSC
                    12501 ARDENNES AVE.
                    SUITE 200
                    ROCKVILLE, MD  20857

FAILURE TO BRING YOUR ACCOUNT CURRENT WITHIN 30 DAYS WILL RESULT IN THE
IMMEDIATE DEMAND FOR THE ENTIRE AMOUNT OF THE DEBT.   IF PAYMENT HAS BEEN
MAILED, PLEASE DISREGARD THIS NOTICE.

QUESTIONS PERTAINING TO REPAYMENT SHOULD BE DIRECTED TO THE DEBT COLLECTION
CENTER ON (301) 443-1965.

                    SINCERELY YOURS,




                    DEBT COLLECTION CENTER

Attachment 5

ACCOUNTING SERVICES
PROGRAM SUPPORT CENTER
12501 ARDENNES AVE.
SUITE 200
ROCKVILLE, MD  20857

```
                                    CLAIM NUMBER:       ████0025
                                    TYPE OF DEBT:       NHSCLRP
                                    DATE OF DEFAULT:    10/22/12
                                    PRINCIPAL DUE:    $    219,046.11
                                    INTEREST DUE:     $     65,638.46
                                    PENALTY DUE:      $          0.00
                                    ADMIN CHARGE DUE: $          0.00
                                    TOTAL DUE:        $    284,684.57
                                    AS OF:
NICHOLE   OPRINS, LCSW              DUE DATE:            10/23/13
                                    INTEREST RATE:          10.375
NAMPA, ID 83651
```

DEAR NICHOLE OPRINS, LCSW:

THIS IS YOUR FINAL NOTICE REGARDING YOUR DEBT INCURRED UNDER THE
NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT PROGRAM.  THIS DEBT BECAME
DUE ON THE DUE DATE REFERENCED ABOVE.

PLEASE MAKE YOUR REMITTANCE PAYABLE TO THE "DEPARTMENT OF HEALTH AND
HUMAN SERVICES - NHSCLRP", REFERENCING YOUR CLAIM NUMBER, AND MAIL IT
TO THE FOLLOWING ADDRESS:

                    COLLECTION OFFICER - PSC
                    12501 ARDENNES AVE.
                    SUITE 200
                    ROCKVILLE, MD  20857

BE ADVISED, IF REPAYMENT ARRANGEMENTS ARE NOT FINALIZED BY THE ABOVE DUE
DATE, YOUR DEBT MAY BE REPORTED TO THE CONSUMER REPORTING AGENCIES AS
DELINQUENT; REFERRED TO A COLLECTION AGENCY, AND/OR THE DEPARTMENT OF
TREASURY FOR ADMINISTRATIVE OFFSET/SALARY OFFSET/INCOME TAX REFUND
OFFSET, AND/OR THE DEPARTMENT OF JUSTICE FOR ENFORCED COLLECTION (SUCH
AS WAGE GARNISHMENT, ASSET SEIZURE OR JUDGMENT).

QUESTIONS PERTAINING TO REPAYMENT SHOULD BE DIRECTED TO THE DEBT
COLLECTION CENTER ON (301) 443-1965.

                         SINCERELY YOURS,

                         DEBT COLLECTION CENTER

DLN-94
████████████████0025 OPRINS, LCSW

# Attachment 6

DEBT COLLECTION CENTER                                              5/30/18
ACCOUNTING SERVICES
PROGRAM SUPPORT CENTER
7700 WISCONSIN AVE.
SUITE 8-811D
BETHESDA, MD  20857

```
                                    CLAIM NUMBER:       ███████0025
                                    TYPE OF DEBT:       NHSCLRP
                                    DATE OF DEFAULT:    10/22/12
                                    PRINCIPAL DUE:   $    219,046.11
                                    INTEREST DUE:    $    109,145.29
                                    PENALTY DUE:     $          0.00
                                    ADMIN CHARGE DUE: $         0.00
NICHOLE   ████ OPRINS, LCSW         TOTAL DUE:       $    328,191.40
████████████                        AS OF:
CALDWELL, ID 836054389              DUE DATE:           10/23/13
                                    INTEREST RATE:         10.375
```

DEAR NICHOLE OPRINS, LCSW:

THIS IS YOUR FINAL NOTICE REGARDING YOUR DEBT INCURRED UNDER THE
NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT PROGRAM.  THIS DEBT BECAME
DUE ON THE DUE DATE REFERENCED ABOVE.

PLEASE MAKE YOUR REMITTANCE PAYABLE TO THE "DEPARTMENT OF HEALTH AND
HUMAN SERVICES - NHSCLRP", REFERENCING YOUR CLAIM NUMBER, AND MAIL IT
TO THE FOLLOWING ADDRESS:

                    COLLECTION OFFICER - PSC
                    7700 WISCONSIN AVE.
                    SUITE 8-811D
                    BETHESDA, MD  20857

BE ADVISED, IF REPAYMENT ARRANGEMENTS ARE NOT FINALIZED BY THE ABOVE DUE
DATE, YOUR DEBT MAY BE REPORTED TO THE CONSUMER REPORTING AGENCIES AS
DELINQUENT; REFERRED TO A COLLECTION AGENCY, AND/OR THE DEPARTMENT OF
TREASURY FOR ADMINISTRATIVE OFFSET/SALARY OFFSET/INCOME TAX REFUND
OFFSET, AND/OR THE DEPARTMENT OF JUSTICE FOR ENFORCED COLLECTION (SUCH
AS WAGE GARNISHMENT, ASSET SEIZURE OR JUDGMENT).

QUESTIONS PERTAINING TO REPAYMENT SHOULD BE DIRECTED TO THE DEBT
COLLECTION CENTER ON (301) 492-4664.

                              SINCERELY YOURS,


                              DEBT COLLECTION CENTER

DLN-94
████████████████ 0025 OPRINS, LCSW

Attachment 7

DEBT COLLECTION CENTER
ACCOUNTING CENTER
PROGRAM SUPPORT CENTER
7700 WISCONSIN AVE.
SUITE 8-811D
BETHESDA, MD   20857

```
CLAIM NUMBER:              0025
TYPE OF DEBT:       NHSCLRP
DATE OF DEFAULT:    10/22/12
PRINCIPAL DUE:      $      219,046.11
INTEREST DUE:       $      110,079.24
PENALTY DUE:        $            0.00
ADMIN CHARGE DUE:   $            0.00
TOTAL DUE:          $      329,125.35
AS OF:
DUE DATE:           10/23/13
INTEREST RATE:              10.375
```

NICHOLE    OPRINS, LCSW

NAMPA, ID 836518810


DEAR NICHOLE OPRINS, LCSW:

THIS IS YOUR FINAL NOTICE REGARDING YOUR DEBT INCURRED UNDER THE
NATIONAL HEALTH SERVICE CORPS LOAN REPAYMENT PROGRAM.   THIS DEBT BECAME
DUE ON THE DUE DATE REFERENCED ABOVE.

PLEASE MAKE YOUR REMITTANCE PAYABLE TO THE "DEPARTMENT OF HEALTH AND
HUMAN SERVICES – NHSCLRP", REFERENCING YOUR CLAIM NUMBER, AND MAIL IT
TO THE FOLLOWING ADDRESS:

                    COLLECTION OFFICER – PSC
                    7700 WISCONSIN AVE.
                    SUITE 8-811D
                    BETHESDA, MD   20857

BE ADVISED, IF REPAYMENT ARRANGEMENTS ARE NOT FINALIZED BY THE ABOVE DUE
DATE, YOUR DEBT MAY BE REPORTED TO THE CONSUMER REPORTING AGENCIES AS
DELINQUENT; REFERRED TO A COLLECTION AGENCY, AND/OR THE DEPARTMENT OF
TREASURY FOR ADMINISTRATIVE OFFSET/SALARY OFFSET/INCOME TAX REFUND
OFFSET, AND/OR THE DEPARTMENT OF JUSTICE FOR ENFORCED COLLECTION (SUCH
AS WAGE GARNISHMENT, ASSET SEIZURE OR JUDGMENT).

QUESTIONS PERTAINING TO REPAYMENT SHOULD BE DIRECTED TO THE DEBT
COLLECTION CENTER ON (301) 492-4664.

                              SINCERELY YOURS,


                              DEBT COLLECTION CENTER


DLN-94
                        0025 OPRINS, LCSW

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
       Plaintiff
- ❏ 2   U.S. Government
       Defendant
- ❏ 3   Federal Question
       *(U.S. Government Not a Party)*
- ❏ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance <br> ❏ 120 Marine <br> ❏ 130 Miller Act <br> ❏ 140 Negotiable Instrument <br> ❏ 150 Recovery of Overpayment <br>  & Enforcement of Judgment <br> ❏ 151 Medicare Act <br> ❏ 152 Recovery of Defaulted <br>  Student Loans <br>  (Excludes Veterans) <br> ❏ 153 Recovery of Overpayment <br>  of Veteran's Benefits <br> ❏ 160 Stockholders' Suits <br> ❏ 190 Other Contract <br> ❏ 195 Contract Product Liability <br> ❏ 196 Franchise | **PERSONAL INJURY** <br> ❏ 310 Airplane <br> ❏ 315 Airplane Product <br>  Liability <br> ❏ 320 Assault, Libel & <br>  Slander <br> ❏ 330 Federal Employers' <br>  Liability <br> ❏ 340 Marine <br> ❏ 345 Marine Product <br>  Liability <br> ❏ 350 Motor Vehicle <br> ❏ 355 Motor Vehicle <br>  Product Liability <br> ❏ 360 Other Personal <br>  Injury <br> ❏ 362 Personal Injury - <br>  Medical Malpractice | **PERSONAL INJURY** <br> ❏ 365 Personal Injury  - <br>  Product Liability <br> ❏ 367 Health Care/ <br>  Pharmaceutical <br>  Personal Injury <br>  Product Liability <br> ❏ 368 Asbestos Personal <br>  Injury Product <br>  Liability <br> **PERSONAL PROPERTY** <br> ❏ 370 Other Fraud <br> ❏ 371 Truth in Lending <br> ❏ 380 Other Personal <br>  Property Damage <br> ❏ 385 Property Damage <br>  Product Liability | ❏ 625 Drug Related Seizure <br>  of Property 21 USC 881 <br> ❏ 690 Other | ❏ 422 Appeal 28 USC 158 <br> ❏ 423 Withdrawal <br>  28 USC 157 <br> **PROPERTY RIGHTS** <br> ❏ 820 Copyrights <br> ❏ 830 Patent <br> ❏ 835 Patent - Abbreviated <br>  New Drug Application <br> ❏ 840 Trademark <br> **SOCIAL SECURITY** <br> ❏ 861 HIA (1395ff) <br> ❏ 862 Black Lung (923) <br> ❏ 863 DIWC/DIWW (405(g)) <br> ❏ 864 SSID Title XVI <br> ❏ 865 RSI (405(g)) | ❏ 375 False Claims Act <br> ❏ 376 Qui Tam (31 USC <br>  3729(a)) <br> ❏ 400 State Reapportionment <br> ❏ 410 Antitrust <br> ❏ 430 Banks and Banking <br> ❏ 450 Commerce <br> ❏ 460 Deportation <br> ❏ 470 Racketeer Influenced and <br>  Corrupt Organizations <br> ❏ 480 Consumer Credit <br>  (15 USC 1681 or 1692) <br> ❏ 485 Telephone Consumer <br>  Protection Act <br> ❏ 490 Cable/Sat TV <br> ❏ 850 Securities/Commodities/ <br>  Exchange <br> ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** <br> ❏ 210 Land Condemnation <br> ❏ 220 Foreclosure <br> ❏ 230 Rent Lease & Ejectment <br> ❏ 240 Torts to Land <br> ❏ 245 Tort Product Liability <br> ❏ 290 All Other Real Property | **CIVIL RIGHTS** <br> ❏ 440 Other Civil Rights <br> ❏ 441 Voting <br> ❏ 442 Employment <br> ❏ 443 Housing/ <br>  Accommodations <br> ❏ 445 Amer. w/Disabilities - <br>  Employment <br> ❏ 446 Amer. w/Disabilities - <br>  Other <br> ❏ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ❏ 463 Alien Detainee <br> ❏ 510 Motions to Vacate <br>  Sentence <br> ❏ 530 General <br> ❏ 535 Death Penalty <br> **Other:** <br> ❏ 540 Mandamus & Other <br> ❏ 550 Civil Rights <br> ❏ 555 Prison Condition <br> ❏ 560 Civil Detainee - <br>  Conditions of <br>  Confinement | **LABOR** <br> ❏ 710 Fair Labor Standards <br>  Act <br> ❏ 720 Labor/Management <br>  Relations <br> ❏ 740 Railway Labor Act <br> ❏ 751 Family and Medical <br>  Leave Act <br> ❏ 790 Other Labor Litigation <br> ❏ 791 Employee Retirement <br>  Income Security Act <br> **IMMIGRATION** <br> ❏ 462 Naturalization Application <br> ❏ 465 Other Immigration <br>  Actions | **FEDERAL TAX SUITS** <br> ❏ 870 Taxes (U.S. Plaintiff <br>  or Defendant) <br> ❏ 871 IRS—Third Party <br>  26 USC 7609 | ❏ 891 Agricultural Acts <br> ❏ 893 Environmental Matters <br> ❏ 895 Freedom of Information <br>  Act <br> ❏ 896 Arbitration <br> ❏ 899 Administrative Procedure <br>  Act/Review or Appeal of <br>  Agency Decision <br> ❏ 950 Constitutionality of <br>  State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1   Original
       Proceeding
- ❏ 2   Removed from
       State Court
- ❏ 3   Remanded from
       Appellate Court
- ❏ 4   Reinstated or
       Reopened
- ❏ 5   Transferred from
       Another District
       *(specify)*
- ❏ 6   Multidistrict
       Litigation -
       Transfer
- ❏ 8   Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
       UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:      ❏ Yes    ❏No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*       JUDGE _____       DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.